[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S ATTORNEY
The defendant husband has moved to disqualify the plaintiff wife's attorney for having represented the defendant in the past. In one matter (Defendant's Exhibit B) the defendant and Stanley Siegel were sued by The New York Times for advertising space they allegedly ordered totaling $1,848.90 via action returned to this Judicial District on April 28, 1987. The plaintiff's attorney, an associate in the law offices of Eugene M. Kimmel at the time, worked on the file. The attorney of record in the case was Eugene M. Kimmel. On or about September 2, 1988 the Times withdrew its case against the defendant who also a cross complaint on the same withdrawal form. The second matter (Defendant's Exhibit A) was a collection action brought by Typographic Art, Inc., against the defendant in the New Haven Judicial District CY90-1293896S. This was also handled in the Kimmel offices for the defendant until the plaintiff's attorney doing work on the file. A withdrawal of this action, dated January 19, 1990, was signed by Typographic's lawyer. The plaintiff's lawyer had no further contact with the defendant although he had other legal work performed during the years following. This court has reviewed both exhibits and finds nothing in either file that involved any confidential information touching upon anything having to do with the plaintiff in the present suit.
Rule 1.9 speaks of "The same or a substantially related matter. . . ." The plaintiff wife was not in business with her husband during any of the time in question. There are no confidences to be protected and disqualification will serve no other purpose but to deny the plaintiff her choice of counsel.
The defendant's Motion is denied.
HARRIGAN, J.T.R. CT Page 13550